IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY A. BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  CIV-07-1003-D |
| ) | |
| MICHAEL W. WYNNE, ) | |
| Secretary of the Air Force, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court are Defendant's Motion to Partially Dismiss [Doc. No. 18], filed pursuant to Fed. R. Civ. P. 12(b)(1) and (6),[1] and Plaintiff's Motion for Equitable Relief [Doc. No. 23], filed *pro se*, the purpose of which is unclear. Defendant seeks dismissal of certain claims asserted in the Amended Complaint. Defendant asserts that any tort claim for libel or slander included in Plaintiff's "Third Claim" should be dismissed for lack of subject matter jurisdiction because it is barred by the doctrine of sovereign immunity and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, and both the "Third Claim" and the "Fifth Claim" should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff, who appears *pro se*, has responded in opposition to Defendant's Motion and has clarified that his Third Claim "is not a tort claim" but a retaliation claim under the Rehabilitation Act, 29 U.S.C. § 791,[2] under a theory that certain alleged libelous and defamatory statements constitute "an adverse employment related action with a retaliatory motive." Pl.'s Resp.

---

[1] *The Motion also cites Rule 12(e), which authorizes a motion for more definite statement. Defendant argues in his brief only that certain claims should be dismissed. Because Defendant requests no relief under Rule 12(e), this reference is disregarded.*

[2] *Plaintiff cites 29 U.S.C. § 794, which does not apply to federal employment. See Johnson v. U.S. Postal Serv., 861 F.2d 1475, 1478 (10th Cir. 1988) ("only section [791] provides a private cause of action for federal employees bringing an action alleging employment discrimination based on handicap").*

Opposition Def.'s Mot. [Doc. No. 22] at 12. Accordingly, because Plaintiff has made clear that all claims asserted in the Amended Complaint arise under the Rehabilitation Act, and because Defendant does not by his Motion assert that jurisdiction is lacking for any Rehabilitation Act claim, Defendant's Rule 12(b)(1) challenge is moot.[3]

In addition to opposing Defendant's Motion, Plaintiff has filed his own motion stating that he "will request equitable modification of the Federal Rules of Civil Procedure to continue his complaint in federal court." *See* Pl.'s Motion [Doc. No. 23]. From Plaintiff's Motion and attachments, his reply brief, and his response to Defendant's Motion, it appears that Plaintiff's request for equitable relief anticipates a defense to his Rehabilitation Act claims that he failed to exhaust the administrative process before filing suit. To the extent Plaintiff's Motion seeks a merits determination of these issues, his request is premature. To the extent Plaintiff merely intends to give notice of his "equitable defense," as suggested by his reply brief, no request is necessary.[4]

Thus, the only issues presented for decision are Defendant's challenge under Rule 12(b)(6) to the sufficiency of Plaintiff's pleading with regard to his Third and Fifth Claims.

**Standard of Decision**

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007)

---

[3] *Defendant has raised a jurisdictional defense to the Rehabilitation Act claims in his Answer, alleging that Plaintiff failed to exhaust his administrative remedies. This defense, or argument in support of Defendant's Rule 12(b)(1) motion based on a lack of exhaustion under the Federal Tort Claims Act, appear to have triggered Plaintiff's filing discussed below.*

[4] *Plaintiff states in his reply brief, entitled "Plaintiff's Opposition Response to Defendant's Motion to Deny Equitable Relief [Doc. No. 26]: "At the present, the Plaintiff intends to obtain and submit evidence, at a later date to support his equitable defense."*

(quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *accord Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citations omitted). The question to be decided is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir.2007)).

**Plaintiff's Claims**

The Amended Complaint states Plaintiff is a "handicapped individual" as defined by the Rehabilitation Act, 29 U.S.C. § 706(8)(B) and has been certified by the Oklahoma Department of Rehabilitation Services, and registered at Tinker Air Force Base, as an individual with a disability. *See* Am. Compl. [Doc. No. 13], ¶¶ 16-18. The Amended Complaint alleges Plaintiff was a qualified applicant for employment in available positions at Tinker Air Force Base on two separate occasions, Plaintiff was able to perform the essential job functions of the positions with or without reasonable accommodation, and his handicap did not pose a direct threat to himself or others. For his First Claim, Plaintiff claims Defendant failed to provide a reasonable accommodation, or to engage in the interactive process required by his request for a reasonable accommodation, in connection with a hiring decision of which he became aware on May 19, 2006. For his Second Claim, Plaintiff claims he "was screened out or otherwise denied a job offer" by the "qualification standards, tests, or selection criteria used by the September 2006 Selection Panel" who made the employment decision regarding vacant positions that Plaintiff could have performed. *See* Am. Compl. [Doc.

No. 13], ¶¶ 44-46.  Plaintiff alleges for his Fourth Claim that Defendant made a conditional offer of employment to Plaintiff but then required "excessive medical evaluations and documentations," performed inadequate pre-employment medical examinations, and refused to hire Plaintiff "simply because he sustained a prior occupational injury" and because Defendant assumed Plaintiff "posed some increased risk of occupational injury and increased workers' compensation costs."  *See* Am. Compl. [Doc. No. 13], ¶¶ 63-66.[5]

Only Plaintiff's allegations to support his Third Claim and Fifth Claim are pertinent to Defendant's Motion.  Plaintiff's Third Claim is that he was subjected to an adverse action on October 13, 2006,[6] in that "Dr. Lee made his libelous and defamatory statements" while "Plaintiff was participating in a proceeding covered by the EEOC" and "Plaintiff believes that the adverse comments made by Dr. Lee were based on a 'retaliatory motive' and were reasonably likely to deter Plaintiff from engaging in EEOC protected activity."  *See* Am. Compl. [Doc. No. 13], ¶¶ 54-55 (emphasis omitted).  Plaintiff alleges he filed "a FOIA [request] with Base Security that uncovered or discovered no such incident or memo had occurred concerning Dr. Lee's unsubstantiated statements."  *See* Am. Compl. [Doc. No. 13], ¶ 56 (emphasis omitted).  Plaintiff also alleges Dr. Lee's statements "were intended to harm the Plaintiff emotionally and financially."  *See* Am. Compl. [Doc. No. 13], ¶ 58.

Plaintiff's Fifth Claim is that Defendant discriminated against Plaintiff on the basis of his disability and engaged in conduct against Plaintiff for seeking to protect or enforce his rights under the Rehabilitation Act as follows:  "On March 7, 2007, the Defendant's employee, Larry J. Price,

---

[5] *Although not indicated in Plaintiff's pleading, Defendant states in its brief that these allegations refer to the May, 2006, hiring decision and this claim is duplicative of the First Claim.  See Def.'s Motion [Doc. No. 18] at 2 & n.2.*

[6] *Plaintiff states in his brief this date is incorrect due to a typographical error and that he has asked Defendant to agree to an amended pleading to state the correct date of June 13, 2006.*

4

Aircraft Mechanic Supervisor, in the 565 Bomber Squadron provides sworn testimony under penalty of perjury, states, 'We do not hire people who can not do the full job.'" *See* Am. Compl. [Doc. No. 13], ¶ 81.  Plaintiff alleges that this conduct violated 29 U.S.C. § 791.

**Defendant's Motion**

Although Defendant's Motion presents a facial attack on the sufficiency of Plaintiff's pleading under Rule 12(b)(6), Defendant has submitted documents for consideration in connection with his jurisdictional challenge under Rule 12(b)(1), which permits matters outside the pleading to be considered.  Plaintiff has responded by submitting additional documents as well.  Both parties have supplied a copy of a letter dated June 13, 2006, signed by Lt. Col. Ernest C. Lee, Commander, Occupational Medicine Flight, regarding an EEO response.  *See* Def.'s Motion, Ex. B [Doc. 18-4]; Pl.'s Opposition, Ex. B [Doc. 22-3 at p. 20-21] ("Letter").  Defendant assumes, and Plaintiff confirms, that this document contains the "libelous and defamatory statements" referred to in the Third Claim.  In addition, Plaintiff submits a copy of a "Declaration under Penalty of Perjury" containing the sworn statement of Larry J. Price dated March 7, 2007, alleged in the Fifth Claim. *See* Pl.'s Opposition, Ex. RR [Doc. 22-3 at p. 18-19] ("Declaration").  The Court may properly consider the Letter and the Declaration in assessing the adequacy of Plaintiff's pleading.  *See Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005) ("a document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute"); *see also Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *Jacobsen v. Deseret Book Co.* 287 F.3d 936, 941 (10th Cir. 2002); *County of Santa Fe v. Public Serv. Co.*, 311 F.3d 1031, 1045 (10th Cir.2002); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997).

**Analysis**

An essential element of a retaliation claim under the Rehabilitation Act is that an employee or applicant for employment was the subject of an "adverse action" by an employer. *See Jarvis v. Potter*, 500 F.3d 1113, 1125 (10th Cir. 2007). The Supreme Court has held that an "adverse action" for purposes of a retaliation claim under Title VII of the Civil Rights Act of 1964, "is not limited to discriminatory actions that affect the terms and conditions of employment." *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006). To establish an adverse action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (internal quotation omitted). The court of appeals has applied this same standard to retaliation claims under the Americans with Disabilities Act (ADA), and ADA standards apply to Rehabilitation Act claims. *See Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1193 (10th Cir. 2007) (ADA); *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1228 (10th Cir. 2006) (ADA); *Jarvis*, 500 F.3d at 1125(Rehabilitation Act); *see also* 29 U.S.C. § 791(g).

**A.   Third Claim**

Plaintiff claims that certain statements by Dr. Lee in the Letter constitute an "adverse action." Although the statements are identified only by labels of "libelous and defamatory," a review of the letter reveals the following negative comments about Plaintiff: Dr. Lee described Plaintiff's contacts with personnel of the Occupational Medicine Flight (OMF) as "display[ing] irrational and very aggressive behavior;" Dr. Lee related a security incident that occurred the same day Plaintiff learned OMF would not lift his recommended medical restrictions and stated, "This may be coincidental; however, OMF staff members are quite concerned given the behavior of Mr. Brooks;" and Dr. Lee stated that Plaintiff's "e-mail address alarmed certain personnel at OMF"

because it contained the words "body bag" and "[c]ertain personnel feel this is a play on letters to send . . . a subliminal death threat designed into intimidating the Agency into hiring Mr. Brooks." *See* Letter, ¶¶ 5, 7-8.

Although the Letter does not identify the position of the recipient, the content suggests that Dr. Lee was responding to an EEO complaint Plaintiff had made about OMF's recommendation of work restrictions for any hiring or placement decisions regarding Plaintiff's application. Dr. Lee explains generally in the Letter the basis of OMF's decision, the process by which the decision was reached, and the reasons for disregarding medical recommendations of Plaintiff's physicians. The Letter goes further, however, and provides gratuitous information about Plaintiff's attitude and behavior and OMF personnel's perceptions and concerns. The question presented by Defendant's Motion is whether a reasonable job applicant would have found Dr. Lee's statements sufficiently adverse that they might well have dissuaded a reasonable applicant from making or supporting a charge of discrimination. *See Somoza v. University of Denver*, 513 F.3d 1206, 1214 (10th Cir. 2008); *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1090 (10th Cir. 2007).

Viewed in the light most favorable to Plaintiff, the Court finds minimally sufficient factual allegations that, accepted as true, permit a conclusion that the Third Claim states an adverse action, given the liberal pleading rules applicable at this stage of the case. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).[7] Upon review of the Letter, the Court finds that Plaintiff has alleged Dr. Lee, who was head of the occupational medicine office and had input into the hiring process, made

---

[7] *In reaching this conclusion, the Court is guided by the Supreme Court's teaching that in assessing the plausibility of a complaint, factual allegations need only "raise a right to relief above the speculative level,"* Bell Atlantic, *127 S. Ct. at 1965, and that a* pro se *pleading is judged by less stringent standards than one drafted by a lawyer,* Erickson, *127 S. Ct. at 2200. After careful review, the Court finds that Plaintiff's pleading is sufficient, although barely, to state more than a speculative claim. In the Rule 12(b)(6) context, "plausible" does not mean "likely to be true;" rather, the requirement of plausibility serves "to inform the defendants of the grounds of the claim against them."* Robbins v. Oklahoma, *519 F.3d 1242, 1247 (10th Cir. 2008).*

derogatory personal comments – casting Plaintiff as an aggressive, irrational person whose behavior led OMF personnel to feel threatened – that could harm future employment opportunities and thus might cause a reasonable job applicant not to pursue a discrimination complaint in order to prevent the statements from affecting a pending application. Plaintiff alleges that the comments were false and intended by Dr. Lee to harm Plaintiff, who was simultaneously pursuing a discrimination complaint based on his unsuccessful May, 2006, application and applying for consideration by the September, 2006, selection panel. Like making false allegations of sexual misconduct in *Williams*, or filing false criminal charges in *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 986 (10th Cir. 1996), Plaintiff has alleged an arguably harmful action by Dr. Lee that might dissuade a reasonable person from pursuing a charge of discrimination.[8] The Court views Dr. Lee's comments as analogous to the negative employment references given by an employee's supervisors in *Hillig v. Rumsfeld*, 381 F.3d 1028, 1033 (10th Cir. 2004), which were found to constitute an adverse employment action because they had more than a *de minimis* impact on the employee's future employment prospects.

Therefore, the Court finds that the Third Claim should not be dismissed for failure to state an actionable claim.

**B.     Fifth Claim**

Plaintiff claims another adverse action – constituting either discrimination or retaliation – was a statement by an aircraft mechanic supervisor, Mr. Price, "We do not hire people who cannot do the full job." This statement appears in the Declaration, which Mr. Price provided for an EEO investigation and explains his part in two hiring selections in which Plaintiff was not hired. The challenged statement appears in a paragraph in which Mr. Price describes the process of selecting

---

[8] *Defendant argues in his Reply Brief that Dr. Lee's statements are not actionable because they were made in an EEO proceeding and, therefore, are privileged. This contention depends on facts outside the Amended Complaint that are inappropriate for consideration under Rule 12(b)(6).*

Plaintiff as a candidate for employment subject to a pre-employment physical examination, receiving a report that OMF had imposed restrictions that limited Plaintiff's lifting capacity, and deciding that Plaintiff could not be accommodated in any available job with this limitation.

It is unclear how Mr. Price's statement could amount to an "adverse action," as defined above. In his brief, Plaintiff explains his theory to be that the statement shows a causal connection between his discrimination complaint and a failure to hire him, that is, it evinces a continuing refusal by decision makers to consider a reasonable accommodation in the hiring process. Plaintiff views Mr. Price's statement as evidence of discriminatory or retaliatory intent "[w]hich resulted in the Plaintiff suffering an adverse employment action during the September 2006 selection process." *See* Pl.'s Opposition [Doc. 22] at 16.

The Court easily concludes that the Declaration does not constitute an adverse action that would support a claim of retaliation. No reasonable applicant for employment would have found Mr. Price's statement sufficiently adverse to dissuade the applicant from making or supporting a charge of discrimination. No harm from the statement itself is evident. Thus, Mr. Price's statement, standing alone, also provides no basis for a claim of handicap discrimination.[9] Plaintiff's argument in support of his Fifth Claim confirms that he views the statement as evidence of discrimination in Defendant's hiring decisions. Those decisions, and not Mr. Price's statement months later, are the actionable events.

Therefore, the Court finds that Plaintiff fails to state in the Fifth Claim a claim upon which relief can be granted under the Rehabilitation Act.

---

[9] *According to the Supreme Court, the substantive discrimination statutes are narrower in scope than the anti-retaliation statutes, which are "not limited to discriminatory actions that affect the terms and conditions of employment."* Burlington Northern, *548 U.S. at 64, 67. By negative implication, prohibited discrimination must involve an employment-related action or decision.*

**Conclusion**

Defendant is entitled only to the dismissal of Plaintiff's claim under the Rehabilitation Act asserted in the Fifth Claim of the Amended Complaint based on a statement by Mr. Price.

IT IS THEREFORE ORDERED that Defendant's Motion to Partially Dismiss [Doc. No. 18] is GRANTED in part and DENIED in part. The Fifth Claim of the Amended Complaint is dismissed for failure to state a claim upon which relief can be granted, but all other claims remain pending. Because Defendant has previously answered the Amended Complaint, this case shall be set on the Court's next available scheduling conference docket.

IT IS FURTHER ORDERED that Plaintiff's Motion for Equitable Relief [Doc. No. 23] is DENIED.

IT SO ORDERED this 3rd day of July, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE